IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRENDA PREWITT,

   Appellant,

 v.
              Case No.  5D16-3076

SHIRLEY KIMMONS, SANDRA A.
PERKINS AND SPACE COAST
CREDIT UNION,

   Appellees.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Volusia County,
Margaret W. Hudson, Judge.

Stephanie Vollrath, of Vollrath Law P.A.,
Oviedo, for Appellant.

J. Stephen McDonald and Stephanie L.
Cook, of Shuffield, Lowman & Wilson,
P.A., Daytona Beach, for Appellees Shirley
Kimmons and Sandra A. Perkins.

No Appearance for Appellee Space Coast
Credit Union.


EVANDER, J.

   Brenda Prewitt ("Appellant"), a named beneficiary of a trust established by her now

deceased mother, Pauline Tyler, filed a multi-count second amended complaint against

Shirley Kimmons (the successor trustee), Sandra Perkins, and Space Coast Credit Union. The trial court granted summary final judgment in favor of Kimmons and Perkins ("Appellees") on all the claims brought against them. Because we conclude that disputed material issues of fact precluded the entry of summary judgment on Counts 3, 5, and 13, we reverse the trial court's order as to these counts.

A trial court's order granting summary judgment is reviewed de novo. *Doctor Rooter Supply & Serv. v. McVay*, 226 So. 3d 1068, 1072 (Fla. 5th DCA 2017). In reviewing a court's decision to enter summary judgment, we must consider all record evidence in a light most favorable to the non-moving party. *Id.* If there are material disputed issues of fact, summary judgment must be reversed. *Id.*

Pauline Tyler was the mother of six children: Appellant, Appellees, Kathy Henderson, Ronald Wilson, and Jacqueline Green. In 2000, Tyler executed an irrevocable trust naming herself as the trustee. As trustee, Tyler was to distribute the net proceeds of the trust to herself unless she directed otherwise, but the trust became irrevocable upon her death. In 2007, Tyler executed an amendment to the trust providing, inter alia, for Kimmons to be successor trustee.[1] In 2012, at ninety-one years of age, Tyler began to need assistance with daily activities. Later that year, she began residing with Kimmons and Kimmons' husband. Tyler died on September 29, 2013. Kimmons accepted her role as successor trustee and distributed various assets of the trust to named beneficiaries.

---

[1] We conclude that the trial court properly found the trust amendment to be valid.

It is unnecessary to recite all the summary judgment evidence[2] presented to the trial court at the summary judgment hearing. Instead, it is sufficient to note the summary judgment evidence that should have precluded the entry of summary judgment on Counts 3, 5, and 13.

This record evidence was sufficient to permit Appellant to proceed on Count 3, which alleged that Kimmons breached her fiduciary duty to Appellant by, inter alia, (1) failing to distribute funds as provided for by the trust documents, (2) failing to seek return of $10,000 of trust assets wrongly retained by Perkins, and (3) failing to return monies that Kimmons had misappropriated from the trust account prior to Tyler's death. First, there was record evidence that Kimmons paid approximately $14,000 for lease payments on a motor vehicle that was ultimately conveyed to beneficiary Wilson and that said payments were not consistent with the terms of the trust. Second, there was record evidence that Perkins had received $10,000 from Tyler solely for "safekeeping" purposes, that these monies had never been returned to the trust account, and that Kimmons had taken no action to recover these monies. Third, there was record evidence that in a time period when Tyler was in deteriorating health and receiving morphine, Kimmons improperly disbursed money from the trust account to herself and her daughter. Therefore, questions of fact remain over Appellant's breach of fiduciary duty claim. *See* § 736.0801, Fla. Stat. (2013) ("[T]he trustee shall administer the trust in good faith, in accordance with its terms . . . ."); *id.* § 736.0811 ("A trustee shall take reasonable steps to enforce claims of the trust . . . ."); *id.* § 736.0812 ("A trustee shall take reasonable steps

---

[2] Florida Rule of Civil Procedure 1.510(c) defines "summary judgment evidence" to mean affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence.

to compel a former trustee or other person to deliver trust property to the trustee . . . ."). Similarly, we conclude that this summary judgment evidence was sufficient to preclude summary judgment on Count 5 (conversion as to Perkins) and Count 13 (civil theft as to Perkins). We affirm, without discussion, the remainder of the trial court's order.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


COHEN, C.J. and WALLIS, J., concur.

4